# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 3, 2017

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

150010

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                                         SC: 150010
                                         COA: 313524
                                         Midland CC: 12-005145-FC

BRIAN PAUL THOMPSON,
      Defendant-Appellant.
_____/

      By order of April 28, 2015, the application for leave to appeal the July 15, 2014 judgment of the Court of Appeals was held in abeyance pending the decision in *People v Lockridge* (Docket No. 149073), and by order of January 31, 2017, the case was held in abeyance pending the decision in *People v Comer* (Docket No. 152713). On order of the Court, the cases having been decided on July 29, 2015 and June 23, 2017, respectively, *People v Lockridge,* 498 Mich 358 (2015), and *People v Comer,* 500 Mich ___ (2017), the application is again considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE that part of the Court of Appeals judgment holding that the trial court's failure to impose lifetime electronic monitoring, as statutorily mandated by MCL 750.520b(2)(d), was a clerical error that could be corrected by the trial court on its own initiative. In *Comer,* we held that such an error results in an invalid sentence, but that the error is substantive and may only be corrected by the trial court on its own initiative before judgment is entered. MCR 6.435; MCR 6.429. In this case, the trial court did not have authority to amend the judgment of sentence after entry to add a provision for lifetime electronic monitoring. Therefore, we VACATE the December 14, 2012 amended judgment of sentence, and we REMAND this case to the Midland Circuit Court to reinstate the November 19, 2012 judgment of sentence.

      In addition, the Midland Circuit Court shall determine whether the court would have imposed a materially different sentence under the sentencing procedure described in Part VI of our opinion in *Lockridge*. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it

shall resentence the defendant. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 3, 2017



Clerk

s0925